UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE MANUEL ARIAS-HERNANDEZ,
VINICIO DE JESUS LORA PERALTA, JUNIOR
DEJESUS DURAN MATIAS and BOLIVAR
DEJESUS BUENO individually and on behalf of
those individuals similarly situated,

                                   Plaintiffs,

            - against -

THE INTERNATIONAL DELIGHT CAFÉ INC.,
ALLJB RESTAURANT CORPORATION,
ALIDC INC., LAR RESTAURANT CORP.,
ANTONIA ROLLANDI, MARCELLO
ROLLANDI and ANTHONY ANZANO,

                                   Defendants.

CASE NO.: 15-CV-03998

AMENDED COMPLAINT

JURY TRIAL DEMANDED

Plaintiffs, **JOSE MANUEL ARIAS-HERNANDEZ, VINICIO DE JESUS LORA PERALTA, JUNIOR DE JESUS DURAN MATIAS and BOLIVAR DEJESUS BUENO** (collectively "Plaintiffs"), by and through their attorneys, **ZABELL & ASSOCIATES, P.C.,** complain and allege as follows:

## I.    PRELIMINARY STATEMENT

1. Plaintiffs bring this action on behalf of themselves and all similarly situated employees and/or former employees seeking monetary damages, declaratory relief, and affirmative relief based upon Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.; New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, et seq.; New York State Department of Labor Regulations ("NYDOL Regs"), N.Y.C.R.R. § 142-2.2, common law, and other appropriate rules, regulations, statutes and ordinances.

1

2. Plaintiffs each allege pursuant to the FLSA and NYLL, that they are entitled to recovery for themselves, and on behalf of all similarly situated employees, from Defendants (1) statutory overtime compensation for all hours worked in excess of forty (40) hours per week; (2) spread of hours pay for shifts worked in excess of ten (10) hours per day; (3) any and all relief due and owing to Plaintiffs for Defendants' failure to provide proper meal periods; (4) interest on all earned compensation withheld by Defendants; (5) an award of $2,500.00; the maximum penalty for violations of NYLL § 195; (6) liquidated damages; and (7) attorneys' fees and costs.

3. Plaintiffs further allege that they are entitled to recover for themselves, and on behalf of all similarly situated employees, from Defendants for unlawful conversion of monies rightfully due and owing Plaintiffs, and in the alternative, recovery in equity based upon unjust enrichment and *quantum meruit*.

## II. JURISDICTION AND VENUE

4. This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

5. This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367 and other appropriate rules, regulations, statutes and ordinances.

6. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within the State of New York, in the counties of Nassau and Suffolk.

7. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III.   PARTIES

8. Plaintiff, **JOSE MANUEL ARIAS-HERNANDEZ** ("Plaintiff Arias-Hernandez"), was at all times relevant herein, a domiciliary of the State of New York, presently residing in Freeport, New York.

9. Plaintiff, **VINICIO DE JESUS LORA PERALTA** ("Plaintiff Peralta"), was at all times relevant herein, a domiciliary of the State of New York, presently residing in Freeport, New York.

10. Plaintiff, **JUNIOR DE JESUS DURAN MATIAS** ("Plaintiff Matias"), was at all times relevant herein, a domiciliary of the State of New York, presently residing in Freeport, New York.

11. Plaintiff, **BOLIVAR DEJESUS BUENO** ("Plaintiff Bueno"), was at all times relevant herein, a domiciliary of the State of New York, presently residing in Freeport, New York.

12. At all times relevant to the Complaint, each Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2).

13. Upon information and belief, Defendant **THE INTERNATIONAL DELIGHT CAFÉ INC.** ("Defendant International Delight") is a domestic business corporation d/b/a International Delight Cafe operating at 322 Bedford Avenue, Bellmore, New York 11710.

14. Upon information and belief, Defendant **ALLJB RESTAURANT CORPORATION INC.** ("Defendant ALLJB") is a domestic business corporation d/b/a International Delight Cafe operating at 322 Bedford Avenue, Bellmore, New York 11710.

15. Upon information and belief, Defendant **ALIDC INC.** ("Defendant ALIDC") was a domestic business corporation d/b/a International Delight Cafe that operated at 241 Sunrise Highway, Rockville Centre, New York 11570.

16. Upon information and belief, Defendant **LAR RESTAURANT CORP.** ("Defendant LAR") was a domestic business corporation d/b/a International Delight Cafe that operated at 241 Sunrise Highway, Rockville Centre, New York 11570.

17. Upon information and belief, Defendant **ANTONIA ROLLANDI** is the owner of Defendants International Delight, ALLJB, ALIDC and LAR and in such a capacity: (1) has the power to hire and fire employees; (2) supervises and controls employee work schedules and the work environment; (3) determines the rate and method of payment of employees; and (4) maintains employment records for all the related entities.

18. Upon information and belief, Defendant **MARCELLO ROLLANDI** is the part owner of Defendants International Delight, ALLLJB, ALIDC and LAR and in such a capacity: (1) has the power to hire and fire employees; (2) supervises and controls employee work schedules and the work environment; (3) determines the rate and method of payment of employees; and (4) maintains employment records for all the related entities.

19. Upon information and belief, up to 2013, Defendant **ANTHONY ANZANO** was the part owner of Defendants International Delight, ALLJB, ALIDC and LAR and: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules and the work environment; (3) determined the rate and method of payment of employees; and (4) maintained employment records for all the related entities.

4

20. At all designated times relevant to the Complaint, each Defendant acted as an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the NYLL, N.Y. Lab. Law § 190(3).

21. Upon information and belief, at all designated times relevant herein, each Defendant was an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2), due to their operation of restaurant/cafe.

22. Upon information and belief, at all designated times relevant herein, Defendants employed more than two (2) employees engaged in interstate commerce and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to their operation of the restaurant/cafe.

23. Upon information and belief, at all designated times relevant to the Complaint, Defendants employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in connection with their operation of restaurant/cafe.

24. Upon information and belief, at all designated times relevant to the Complaint, Defendants employed employees, including Plaintiffs, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j) in connection with their operation of restaurant/cafe.

## IV.    FACTS

25. Plaintiffs repeat and reallege each and every allegation contained herein.

**Plaintiff Arias-Hernandez**

26. Plaintiff Arias-Hernandez was hired by Defendants in or around February 2009 as a "busboy" and "dishwasher."

27. Upon information and belief, Plaintiff Arias-Hernandez worked at Defendants' restaurant d/b/a the International Delight Café located at 322 Bedford Avenue, Bellmore, New York 11710.

28. From Plaintiff Arias-Hernandez's date of hire through in or around the beginning of 2010, he worked as a "busboy" five (5) days a week: Mondays, Tuesdays, Wednesdays and Thursdays from 5:00 p.m. to 10:30 p.m.; and Saturdays from 10:00 a.m. to 10:00 p.m.

29. In or around the beginning of 2010, Defendants reassigned Plaintiff Arias-Hernandez to the kitchen as a "chef."

30. Plaintiff Arias-Hernandez has no formal training as a "chef" and his duties as a "chef" require no any advanced knowledge, skill and/or expertise.

31. From in or around the beginning of 2010 through in or around the beginning of 2011, Plaintiff Arias-Hernandez worked as a "chef" six (6) days a week: Mondays and Tuesdays from 10:30 a.m. to 10:30 p.m.; Wednesdays and Thursdays from 10:30 a.m. to 5:00 p.m.; Fridays from 4:00 p.m. to 12:00 a.m.; and Saturdays from 4:00 p.m. to 12:30 a.m.

32. Accordingly, Plaintiff Arias-Hernandez worked no fewer than 53.5 hours per week from in or around the beginning of 2010 through in or around the beginning of 2011.

33. From in or around the beginning of 2010 through in or around the beginning of 2011,

6

Defendants paid Plaintiff Arias-Hernandez a flat rate of either $400 or $425 per week.

34. From the beginning of 2011 through in or around May 2014, Plaintiff Arias-Hernandez worked as a "chef" six (6) days a week: Mondays from 10:30 a.m. to 10:30 p.m.; Tuesdays, Wednesdays and Thursdays from 10:30 a.m. to 9:00 p.m.; and Fridays and Saturdays from 10:30 a.m. to 10:00 p.m.

35. Plaintiff Arias-Hernandez worked no fewer than 66.5 hours per week from in or around the beginning of 2011 through in or around May 2014.

36. From in or around the beginning of 2011 through in or around May 2014, Defendants paid Plaintiff Arias-Hernandez a flat rate of $625 per week.

37. From in or around May 2014 through the date Defendants transferred ownership of The International Delight Café, Inc. to its current owners, Plaintiff Arias-Hernandez worked as a "chef" six (6) days a week: Mondays from 10:30 a.m. to 10:30 p.m.; Tuesdays from 10:30 a.m. to 9:00 p.m.; Wednesdays and Thursdays from 10:30 a.m. to 5:00 p.m.; and Fridays and Saturdays from 10:30 a.m. to 10:00 p.m.

38. Accordingly, Plaintiff Arias-Hernandez worked no fewer than 58.5 hours per week from in or around May 2014 through the date Defendants transferred ownership of The International Delight Café, Inc. to its current owners.

39. From in or around May 2014 through the through the date Defendants transferred ownership of The International Delight Café, Inc. to its current owners, Defendants paid Plaintiff Arias-Hernandez a flat rate of $650 per week.

40. Defendants did not regularly provide Plaintiff Arias-Hernandez with meal breaks.

41. Defendants failed to record the number of hours Plaintiff Arias-Hernandez worked and

7

failed to require Plaintiff Arias-Hernandez to clock and/or sign in and out of work.

42. Defendants routinely held Plaintiff Arias-Hernandez after his scheduled shift without compensation.

43. Defendants paid Plaintiff Arias-Hernandez in cash, without providing a receipt.

44. Upon information and belief, Defendants maintained no records of cash disbursements to Plaintiff Arias-Hernandez.

**Plaintiff Peralta**

45. Plaintiff Peralta was hired by Defendants in or around May 2010 as a "chef." Plaintiff Peralta continues to be employed by Defendants as a "chef."

46. Upon information and belief, Plaintiff Peralta worked at Defendants' restaurant d/b/a the International Delight Café located at 322 Bedford Avenue, Bellmore, New York 11710.

47. Plaintiff Peralta has no formal training as a "chef" and his duties as a "chef" do not require any advanced knowledge.

48. From Plaintiff Peralta's date of hire through in or around the beginning of 2012, he regularly worked six (6) days a week: Mondays from 10:30 a.m. to 10:30 p.m.; Tuesdays and Thursdays from 5:00 p.m. to 10:30 p.m.; Fridays from 10:30 a.m. to 12:00 a.m.; Saturdays from 5:00 p.m. to 12:00 a.m. and Sundays from 5:00 p.m. to 10:30 p.m.

49. From Plaintiff Peralta's date of hire through in or around the beginning of 2012, he worked no fewer than 53 hours per week.

50. From the beginning of 2012 through the date Defendants transferred ownership of The International Delight Café, Inc. to its current owners, Plaintiff Peralta regularly worked six (6) days a week: Tuesdays from 10:30 a.m. to 10:30 p.m.; Wednesdays and Thursdays

8

from 10:30 a.m. to 9:00 p.m.; Fridays from 5:00 p.m. to 12:00 a.m.; Saturdays from 10:30 a.m. to 12:30 a.m.; and Sundays from 10:30 a.m. to 5:00 p.m.

51. Accordingly, from in or around the beginning of 2012 through the date Defendants transferred ownership of The International Delight Café, Inc. to its current owners, Plaintiff Peralta worked no fewer than 60.5 hours per week.

52. Defendants did not regularly provide Plaintiff Peralta with meal breaks.

53. Defendants failed to record the number of hours Plaintiff Peralta worked and failed to require Plaintiff Peralta to clock and/or sign in and out of work.

54. Defendants routinely held Plaintiff Peralta after his scheduled shift without compensation.

55. Defendants paid Plaintiff Peralta a flat rate of $450 per week from his date of hire until in or around March 2013.

56. In or around March 2013 until in or around March 2014, Defendants paid Plaintiff Peralta a flat rate of $500 per week.

57. In or around March 2014 through the date Defendants transferred ownership of The International Delight Café, Inc. to its current owners, Defendants paid Plaintiff Peralta a flat rate of $590.

58. Defendants paid Plaintiff Peralta in cash, without providing a receipt.

59. Upon information and belief, Defendants maintained no records of cash disbursements to Plaintiff Peralta.

**Plaintiff Matias**

60. Plaintiff Matias was hired by Defendants in or around May 2009 as a "food preparer" and "dishwasher."

9

61. Upon information and belief, Plaintiff Matias worked at Defendants' restaurant d/b/a the International Delight Café located at 322 Bedford Avenue, Bellmore, New York 11710.

62. From August 27, 2009 through in or around November 2011, Plaintiff Matias worked as "food preparer" and "dishwasher" six (6) days a week: Mondays, Tuesdays, Wednesdays and Thursdays from 10:30 a.m. to 5:00 p.m.; and Fridays and Saturdays from 10:30 a.m. to 1:00 a.m.

63. Accordingly, Plaintiff Matias worked no fewer than 55 hours per week from August 27, 2009 through in or around November 2011.

64. From August 27, 2009 through November 2011, Defendants paid Plaintiff Matias a flat rate of $400 per week.

65. In or around November 2011, Defendants reassigned Plaintiff Matias to the kitchen as a "chef."

66. Plaintiff Matias has no formal training as a "chef" and his duties as a "chef" require no any advanced knowledge, skill and/or expertise.

67. From in or around November 2011 through in or around November 2012, Plaintiff Matias worked as a "chef" six (6) days a week: Sundays, Tuesdays, Wednesdays, and Thursdays from 10:30 a.m. to 9:00 p.m.; and Fridays and Saturdays from 10:30 a.m. to 10:00 p.m.

68. Accordingly, Plaintiff Matias worked no fewer than 64 hours per week from in or around the November 2011 through in or around November 2012.

69. From in or around November 2011 through in or around November 2012, Defendants paid Plaintiff Matias a flat rate of $525 per week.

70. Defendants did not regularly provide Plaintiff Matias with meal breaks.

71. Defendants failed to record the number of hours Plaintiff Matias worked and failed to require Plaintiff Matias to clock and/or sign in and out of work.

72. Defendants routinely held Plaintiff Matias after his scheduled shift without compensation.

73. Defendants paid Plaintiff Matias in cash, without providing a receipt.

74. Upon information and belief, Defendants maintained no records of cash disbursements to Plaintiff Matias.

**Plaintiff Bueno**

75. Plaintiff Bueno was hired by Defendants in or around 1994 as a "kitchen worker."

76. Upon information and belief, Plaintiff Bueno worked at Defendants' restaurant d/b/a the International Delight Café located at 241 Sunrise Highway, Rockville Centre, New York 11570.

77. From September 28, 2009 through the date Defendants transferred ownership of The International Delight Café, Inc. to its current owners, Plaintiff Bueno regularly worked six (6) days a week:  Tuesdays and Thursdays from 9:00 a.m. to 10:00 p.m.; Wednesdays from 9:00 a.m. to 8:00 p.m.; Fridays from 10:00 a.m. to 9:00 p.m.; Saturdays from 10:00 a.m. to 10:00 p.m.; and Sundays from 10:00 a.m. to 11:00 p.m.

78. Accordingly, from September 28, 2009 through the date Defendants transferred ownership of The International Delight Café, Inc. to its current owners, Plaintiff Bueno worked no fewer than 76 hours per week.

79. Defendants did not regularly provide Plaintiff Bueno with meal breaks.

80. Defendants failed to record the number of hours Plaintiff Bueno worked and failed to require Plaintiff Bueno to clock and/or sign in and out of work.

11

81. Defendants routinely held Plaintiff Bueno after his scheduled shift without compensation.

82. Defendants paid Plaintiff Bueno a flat rate of $750 per week.

83. Defendants paid Plaintiff Bueno in cash, without providing a receipt.

84. Upon information and belief, Defendants maintained no records of cash disbursements to Plaintiff Bueno.

**All Plaintiffs**

85. At all times relevant herein, Plaintiffs performed the essential functions of their positions in a more than satisfactory manner and satisfied all conditions precedent to payment in accordance with the established terms and conditions of their employment.

86. Plaintiffs, and, upon information and belief, other similarly situated individuals, worked six (6) days a week, more than ten (10) hours per day and did not receive overtime compensation for the hours worked in excess of forty (40) hours per week at the applicable statutory rate of one and one-half (1.5) times the regular rate of pay in violation of the FLSA and NYLL.

87. Despite working more than ten (10) hours per day, Plaintiffs, and, upon information and belief, other similarly situated individuals, were not compensated an additional hour's pay when they worked more than ten (10) hours in a day as required by 12 N.Y.C.R.R. § 142-2.4.

88. During Plaintiffs' respective tenure, Defendants also failed to provide them with written notice of their wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

## COLLECTIVE ACTION ALLEGATIONS

89. Plaintiffs repeat and reallege each and every allegation contained herein.

90. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C.
§ 216(b).

91. This action is brought on behalf of Plaintiffs and a class consisting of similarly situated
employees who work or have worked for Defendants.

92. At all times relevant herein, Plaintiffs and the other FLSA collective action Plaintiffs are
and have been similarly situated have sustained similar job requirements and pay
provisions, are and have been subject to Defendants' decisions, policies, plans and common
policies, programs, practices, procedures, protocols, routines, and rules willfully failing
and refusing to pay them overtime pay at a rate of one and one-half (1.5) times their regular
hourly rate for all hours worked in excess of forty (40) hours per week.

93. Upon information and belief, there are current and former employees who are similarly
situated to Plaintiffs, who have been underpaid in violation of the FLSA.  The named
Plaintiffs are representative of those other workers and are acting on behalf of Defendants'
current and former employees' interests, as well as their own interests in bringing this
action.

94. Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf
of themselves and all similarly situated persons who work or have worked for Defendants
at any time during the six (6) years prior to the filing of their respective consent forms.

13

95. Plaintiffs and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants common policies and/or plans to violate the FLSA by failing to provide overtime wages, at the rate of one and one-half (1.5) times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ACTION ALLEGATIONS

96. Plaintiffs repeat and reallege each and every allegation contained herein.

97. Plaintiffs also bring their NYLL claims on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23 Class") comprised of all persons who work or have worked for Defendants in the State of New York at any time from the six (6) years prior to the filing of this Complaint to the entry of judgment in this case.

98. The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable.

99. The persons in the Rule 23 Class are readily ascertainable. The names and addresses of such persons are readily available from Defendants for purposes of notice and any other purpose related to this action.

100.    Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

101.     The questions of law and fact common to the Rule 23 Class that predominate over

any questions solely affecting individual members of the Rule 23 Class include, but are not

limited to:

    a) Whether Defendants unlawfully failed to properly compensate Plaintiffs in

violation of and within the meaning of New York Labor Law Article 6, §190 et seq.

and the supporting New York State Department of Labor Regulations, 12

N.Y.C.R.R. Part 142;

    b) Whether Plaintiffs and the Rule 23 Class are "non-exempt" from entitlement to

overtime compensation for all hours worked in excess of forty (40) hours per week;

    c) What policies, practices and procedures Defendants implemented regarding

payment of overtime compensation, minimum wage, spread of hours breaks and

meal periods;

    d) Whether Defendants failed to pay Plaintiffs and the Rule 23 Class overtime

compensation for all hours worked in excess of forty (40) hours per week within

the meaning of the NYLL Article 19 § 650 et seq. and the supporting NYDOL

Regs., 12 N.Y.C.R.R. Part 142;

    e) Whether Defendants failed to pay Plaintiffs and the Rule 23 Class spread of hours

pay by failing to pay an additional hour's pay when they worked more than ten (10)

hours in a day, as provided by 12 N.Y.C.R.R. sect. 142-2.4;

    f) Whether Defendants failed to provide Plaintiffs and the Rule 23 Class breaks and

meal periods in violation of NYLL § 162(4);

    g) Whether Defendants failed to provide Plaintiffs with a notice of their pay rates;

15

h) Whether Defendants wrongfully interfered with the rights of Plaintiffs and the Rule 23 Class to immediate possession of earned wages and, thus, engaged in unlawful conversion of their compensation;

i) The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class; and

j) Whether Defendants' failure to pay Plaintiffs and the Rule 23 overtime compensation for all hours worked in excess of forty (40) hours per week, spread of hours pay was done willfully or with reckless disregard for the applicable federal and state wage and hours laws, and whether Defendants' failure to provide proper meal and break period was done willfully or with reckless disregard for the applicable federal and state wage and hours laws.

102. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the Rule 23 Class work, or have worked, for Defendants in non-exempt positions and have had their rights to immediate possession to their wages wrongfully interfered with by Defendants, have not been paid overtime compensation or spread of hours pay, have not been afforded proper breaks and meal periods. Defendants have acted and have refused to act on grounds generally applicable to the rule 23 class, thereby making declaratory relief with respect to the Rule 23 class appropriate.

103. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of wrongful conversion

of earned compensation, failing to pay overtime compensation, failing to provide spread of hours pay and failing to afford proper break and meal periods.

104.     Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

105.     Plaintiffs have retained counsel competent and experienced in both complex class actions and in labor and employment litigation.

106.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the necessary duplication of efforts and expense that numerous individual actions beget.   The adjudication of individual claims would result in a great expenditure of Court and public resources; conversely, treating the claims would result in significant costs savings.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' policies, practices and procedures.  Although the relative damages suffered by the individual members of the Rule 23 Class are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

17

107.　　Current employees are often hesitant to assert their rights out of fear of direct or

indirect retaliation.  Former employees are reluctant to bring claims because doing so can

harm their present and future employment and further efforts to obtain employment.  Class

actions provide class members who are not named in the Complaint a degree of anonymity

which allows for the vindication of their rights while eliminating or reducing risks.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime – FLSA Violation)

108.　　Plaintiffs repeat and reallege each and every allegation contained herein.

109.　　Defendants are employers, within the meaning contemplated, pursuant to 29 U.S.C.

§ 203(d).

110.　　Plaintiffs, and those individuals similarly situated, are employees, within the

meaning contemplated, pursuant to 29 U.S.C. § 203(e).

111.　　Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who

in any workweek is engaged in commerce or in the production of goods for commerce, or

is employed in an enterprise engaged in commerce or in the production of goods for

commerce, for a workweek longer than forty (40) hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less

than one and one-half times the regular rate at which he is employed."

112.　　Plaintiffs, and upon information and belief, those individuals similarly situated,

worked in excess of forty (40) hours per week.

113.　　Plaintiffs, and upon information and belief, those individuals similarly situated, did

not receive overtime compensation at the rate of one and one-half (1.5) times their regular

18

rate of pay for all hours worked in excess of forty (40) hours in any given week.

114.     Consequently, by failing to pay overtime compensation, Defendants violated the governing provisions of the FLSA.

115.     Upon information and belief, Defendants' failure to pay overtime compensation was willful.

116.     By the foregoing reasons, Defendants are liable to Plaintiffs, and those similarly situated, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime – New York Labor Law Violation)

117.     Plaintiffs repeat and re-allege each and every allegation contained herein.

118.     Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

119.     Plaintiffs, and those similarly situated, are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting NYDOL Regs.

120.     12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

121.     NYLL Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

122.     Plaintiffs, and, upon information and belief, those individuals similarly situated, worked in excess of forty (40) hours per week.

19

123.    Plaintiffs, and, upon information and belief, those individuals similarly situated, did not receive overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

124.    Consequently, by failing to pay to overtime compensation, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 142-2.2.

125.    Upon information and belief, Defendants' failure to pay overtime compensation was willful.

126.    By the foregoing reasons, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs, and those similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### THIRD CLAIM FOR RELIEF
### (Failure to Pay Spread of Hours Pay – New York Labor Law Violation)

127.    Plaintiff repeats and re-alleges each and every allegation contained herein.

128.    Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

129.    Plaintiffs, and those individuals similarly situated, are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting NYDOL Regs.

130.    12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

131.    Upon information and belief, Defendants failed to pay Plaintiffs, and those individuals similarly situated, an additional hour's pay when they worked more than ten

(10) hours in a day.

132.     Plaintiffs, and upon information and belief, individuals similarly situated regularly

worked in excess of ten (10) hours per day.

133.     Consequently, by failing to pay an additional hour's pay when Plaintiffs, and those

individuals similarly situated, worked more than ten (10) hours in a day, Defendants

violated 12 NYCRR § 142-2.4.

134.     By the foregoing reasons, Defendants violated 12 NYCRR § 142-2.4 and are liable

to Plaintiffs, and those similarly situated, in an amount to be determined at trial, plus

interest, attorneys' fees, and costs.

**FOURTH CLAIM FOR RELIEF**
**(Failure to Provide Proper Meal Periods – New York Labor Law Violation)**

135.     Plaintiffs repeat and reallege each and every allegation contained herein.

136.     Plaintiffs, and, upon information and belief, those individuals similarly situated,

were employed in connection with Defendants' restaurants/pizzerias.

137.     Plaintiffs, and, upon information and belief, those individuals similarly situated,

worked shifts of more than six (6) hours that extended over the noon day meal period.

Additionally, Plaintiffs, and upon information and belief, those individuals similarly

situated, began work prior to 11:00 a.m. and worked past 7:00 p.m.

138.     However, Defendants failed to provide Plaintiffs, and, upon information and belief,

those individuals similarly situated, with at least two (2) separate meal periods, one

between 11:00 a.m. and 2:00 p.m. and the second between 5:00 p.m. and 7:00 p.m., in

violation of NYLL §§ 162(2) & (3).

139.     Upon information and belief, the New York Commissioner of Labor did not issue

authority to Defendants to provide shorter meal periods, or no meal periods at all, to Plaintiffs pursuant to NYLL § 162(5).

140.     By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiffs, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### FIFTH CLAIM FOR RELIEF
### (New York Wage Theft Prevention Act Violation)

141.     Plaintiffs repeat and reallege each and every allegation contained herein.

142.     The New York Wage Theft Prevention Act requires employers, upon hire, to "notify his or her employees, in writing, at the time of hiring of the rate of pay and of the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article, and obtain a written acknowledgement from each employee of receipt of this notice. Such acknowledgement shall conform to any requirements established by the commissioner with regard to content and form. For all employees who are eligible for overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

143.     Defendants did not provide Plaintiffs, and, upon information and belief, those individuals similarly situated, with a wage notice, as required by NYLL § 195.

144.     Plaintiffs, and, upon information and belief, those individuals similarly situated, did not sign an acknowledgment confirming receipt of said notice, as required by NYLL § 195.

145.     In addition, Defendants willfully failed to furnish Plaintiffs with an accurate

statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate of rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including over time hours; deductions, allowances and net wages.

146.    For the foregoing reasons, Defendants have violated NYLL  § 195 and are liable to Plaintiffs, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### SIXTH CLAIM FOR RELIEF
### (Failure to Maintain Records – FLSA Violation)

147.    Plaintiffs repeat and reallege each and every allegation contained herein.

148.    Upon information belief, Defendants failed to preserve requisite payroll records mandated by Title 29 of the Code of Federal Regulations Part 516.

149.    Upon information and belief, Defendants failed to maintain accurate payroll records showing for each employee their, inter alia: (1) name as used for Social Security recordkeeping purposes; (2) home address; (3) date of birth;  (4) sex and occupation in which employer; (5) time of day and day of week on which the workweek begins; (6) hourly rate of pay, including the basis of pay by indicating the monetary amount paid per hour, per day and per week; (7) hours worked each workday and the total hours worked each workweek; (8) total wage paid each pay period; and (9) date of wage payment and the pay period covered by the payment.

150.    For the foregoing reasons, Defendants violated Title 29 of the Code of Federal

Regulations Part 516, thereby entitling Plaintiffs and other similarly situated employees, to damages at an amount to be determined at trial, plus interest, litigation costs, and reasonably attorneys' fees, along with injunctive relief.

## SEVENTH CLAIM FOR RELIEF
### (Failure to Maintain Records – New York Labor Law Violation)

151.     Plaintiffs repeat and reallege each and every allegation contained herein.

152.     NYLL §§ 195(4) and 661 require employers to establish, maintain and preserve, for not less than six (6) years, contemporaneous, true, and accurate payroll records for each employee, including (1) payroll records for each week worked the hours worked; (2) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other basis; (3) gross wages; (4) deductions; (5) allowances, if any, claimed by the minimum wage; and (6) net wages.  N.Y. Lab. Law §§ 195(4) & 661.

153.     NYLL §§ 195(4) and 661 requires employers payroll records to include the (1) regular hourly rate or rates of pay; (2) overtime rate or rates of pay; (3) number of regular hours worked; and (4) number of overtime hours worked. N.Y. Lab. Law §§ 195(4) & 661.

154.     Upon information and belief, Defendants failed to maintain true and accurate payroll records for Plaintiffs, and similarly situated individuals, for the applicable statutory period.

155.     By the foregoing reasons, Defendants have violated NYLL §§ 195(4) & 661 and are liable to Plaintiffs, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## EIGHTH CLAIM FOR RELIEF
### (Conversion)

24

156.     Plaintiffs repeat and reallege each and every allegation contained herein.

157.     Defendants failed to compensate Plaintiffs for wages earned during the course of their employment with Defendants.

158.     As a result, Defendants wrongfully interfered with rights of Plaintiff to immediate possession of the full amount of these wages.

159.     As a direct result of Defendants unlawful conversion of Plaintiffs' compensation and all to which they were (and are) entitled to immediate possession, Plaintiffs have suffered, and continue to suffer, substantial economic damages.

160.     Defendants' unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiffs, warranting an award of damages against Defendants.

**NINTH CLAIM FOR RELIEF**
**(Unjust Enrichment and Quantum Meruit)**
**(Plead in the Alternative)**

161.     Plaintiffs repeat and reallege each and every allegation contained herein.

162.     Plaintiffs perform numerous and valuable services at the behest of and on behalf of Defendants.

163.     Plaintiffs are not paid for the reasonable value of those services.

164.     Defendants are unjustly enriched by withholding monies earned by and rightfully belonging to Plaintiffs.

165.     By reason of the forgoing, Defendants are liable to Plaintiffs in an amount to be determined at trial.

## VI.    DEMAND FOR JURY TRIAL

166.       Plaintiffs repeat and reallege each and every allegation contained herein.

167.       Plaintiffs hereby demand a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiffs, and those individuals similarly situated, respectfully request that this Court grant the following relief:

a)   On the First, Second, Third, Fourth, Fifth, Sixth and Seventh, Eighth, and Ninth Causes of Action, an award of Plaintiffs' actual damages in an amount to be determined at trial plus interest;

b)   On the Seventh Claim for Relief, an award up to $2,500.00; the maximum penalty for violations NYLL § 195;

c)   Order Defendants pay Plaintiffs a reasonable sum for expenses pursuant to the NYLL §§ 198, 663;

d)   Declare Defendants violated the FLSA and NYLL;

e)   An award of liquidated damages where allowed by statute;

f)   Defendants be ordered to pay Plaintiffs pre and post judgment interest;

g)   Defendants to pay all costs and disbursements of this action, including Plaintiffs' attorneys' fees; and

h)  Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
       May 18, 2016

ZABELL & ASSOCIATES, PC
*Attorneys for Plaintiffs*

By: _____

Saul D. Zabell, Esq.
ZABELL & ASSOCIATES, P.C.
1 Corporate Drive, Suite 103
Bohemia, NY 11716
Tel. (631) 589-7242
Fax (631) 563-7475
SZabell@laborlawsny.com

27