

Counseling and Advising Clients Exclusively on Laws of the Workplace

**Zabell & Associates, P.C.**

EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

Zabell & Associates, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel.   631-589-7242
Fax.   631-563-7475
www.Laborlawsny.com

**Christopher K. Collotta, Counsel**
Email: CCollotta@laborlawsny.com

August 13, 2018

<u>*VIA* ELECTRONIC CASE FILING</u>

The Honorable Arthur D. Spatt
Senior United States District Court Judge
United States District Court
Eastern District of New York
100 Federal Plaza, P.O. Box 9014
Central Islip, New York 11722

Re:   **Arias-Hernandez, et al. v. International Delight Cafe, Inc., et al.**
      <u>**Case No.: 15-CV-3998 (ADS) (ARL)**</u>

Your Honor:

   This firm is counsel to Plaintiffs, Jose Manuel Arias-Hernandez, Vinicio De Jesus Lora Peralta, Junior De Jesus Duran Matias, and Bolivar De Jesus Bueno ("Plaintiffs"), in the above-referenced matter, which was brought pursuant to, *inter alia,* the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.* We write jointly with Gayle A. Rosen, Esq., counsel for Defendants, The International Delight Café, Inc., Antonia Rollandi, and Marcello Rolandi ("Defendants"), respectfully seeking the Court's approval of the terms of the proposed Settlement Agreement, annexed hereto as "Exhibit A".

## I.   Background

   Plaintiffs commenced this action on July 8, 2015, alleging violations of, *inter alia,* the FLSA and New York Labor Law, N.Y. Lab. Law § 190, *et seq.* Plaintiff Jose Manuel Arias-Hernandez (Plaintiff Arias-Hernandez) was employed by Defendants as a "busboy" and "cook" in their Bellmore, New York restaurant from February 2009 through November 20, 2016. Plaintiff Vinicio DeJesus Lora Peralta (Plaintiff Peralta) was employed by Defendants as a "chef" in their Bellmore restaurant from February

May 1, 2010 through July 6, 2015. Plaintiff Junior De Jesus Duran Matias (Plaintiff Matias) was employed by Defendants as a "food preparer" and "dishwasher" in their Bellmore restaurant from May 2009 through November 30, 2015. Plaintiff Bolivar De Jesus Bueno (Plaintiff Bueno) was employed by Defendants as a "kitchen worker" in their Rockville Centre, New York restaurant from February 1994 through June 2, 2014. Plaintiffs were each "non-exempt" within the meaning of the FLSA & NYLL.

Plaintiffs each claim that Defendants failed to pay overtime, spread of hours compensation and failed to provide proper meal periods. In addition, Plaintiffs failed to maintain time and attendance records and failed to provide them with wage and hour notices. Defendants deny any wrongdoing and state that Plaintiffs were at all times, properly compensated. Defendants also maintain that each Plaintiff typically did not work the number of hours alleged in the Complaint.

## II.    Legal Standard

As the Court is aware, if an FLSA settlement is to take effect, "the Court must first review and scrutinize the agreement to ensure that it is fair." *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299, at *18 (2d Cir. Aug. 7, 2015). While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, a proposed FLSA settlement should receive judicial approval so long as it "reflects a reasonable compromise of disputed issues [rather] than mere waiver of statutory rights brought about by an employer's overreaching." *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008). Indeed, "in determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to: (1) The plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See Beckert v. Rubinov*, No. 15 CIV. 1951 (PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015); *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

The parties have worked collectively in reaching this Settlement Agreement. Accordingly, it is the opinion of all parties that, considering the circumstances addressed below, this Settlement Agreement is fair, reasonable, and in the best interest of all involved. For these reasons – and for those set forth below – the parties hereto respectfully request that the Court enter an Order approving the Settlement Agreement as objectively fair, adequate, and reasonable.

III.    **The Settlement Agreement is Objectively Fair, Adequate, and Reasonable**

A. **Plaintiffs' Range of Possible Recovery**

Pursuant to the terms of the Settlement Agreement, in consideration for the release and waiver of all claims and voluntarily dismissal of this action, with prejudice, Defendants have agreed to pay Plaintiffs the total sum of One hundred seventy thousand dollars ($170,000) (the "Settlement Amount").

The Settlement Amount subsumes Plaintiffs' respective measure of damages with the true and realistic risk of Defendants' insolvency. After discussing the situation at length with our office, Plaintiffs prefer to secure an actual, physical payment to offset their losses rather than avail themselves of the risks of trial in pursuing a higher-valued judgment which, based upon our investigation into Defendants' finances, will be unrecoverable.

Accordingly, under the Settlement Agreement, Plaintiff Arias-Hernandez will receive twenty-six thousand seventy-nine dollars ($26,079.00). Plaintiff Peralta will receive twenty-five thousand five hundred and twelve dollars ($25,512.00). Plaintiff Matias will receive twenty-four thousand three hundred and seventy dollars ($24,370). Plaintiff Bueno will receive thirty-seven thousand four hundred and eighteen ($37,418). The allocation of settlement sums is based upon Plaintiffs' respective tenures and rates of pay. We maintain these figures are reasonable given the absence of documentation available to Plaintiffs to substantiate their provable damages.

Of the $170,000.00 settlement amount, $56,610 is also allocated to this office for attorneys' fees and costs. This equals one-third (1/3) of the total settlement amount. The fees allocated to Plaintiffs' counsel are fair and reasonable given the time spent by said counsel. In total, Plaintiffs' counsel has devoted in excess of four hundred (400) hours to this case. The Court's electronic docket bears 78 entries verifying the labor-intensive nature of the case. Such work includes interviewing Plaintiffs, preparing and responding to the pleadings, conducting a complete review of Defendants' finances, preparing damage(s) calculations, negotiating with Defendants' counsel, engaging in extensive discovery (which included filing numerous motions), conducting and defending depositions, attending two (2) settlement conferences before Magistrate Lindsay, preparing and revising the settlement agreement, and preparing this submission. Should the Court require a lodestar analysis, Plaintiffs' counsel will provide same for the Court's fairness analysis. We respectfully submit our one-third fee is both reasonable and justified. Courts routinely approve fees equal to one-third of the settlement amount in FLSA cases. *See Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG) (MDG), 2015

WL 3540719, at *2 (E.D.N.Y. June 3, 2015); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13-CV-3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (Observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery).

Accordingly, we respectfully submit that the Settlement Amount is an appropriate result for Plaintiffs and, as such, should be approved as a fair settlement. *See Meigel v. Flowers of the World NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan 9, 2012 ("Typically, courts regard the adversarial nature of a FLSA case to be an adequate indicator of the fieriness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve settlement.")

## B. The Settlement Agreement Will Enable the Parties to Avoid Anticipated Burdens and Expenses

It would appear that continued litigation is not in the parties' best interests. The parties have exchanged discovery and completed Depositions, Pre-trial preparations will be time consuming and expensive. Should the matter not settle, we anticipate the need to file several motions *in Limine* and a trial memorandum of law as there exists unique issues typically associated with such a case. Moreover, a trial would not only be costly, but would consume the limited resources of the parties, their counsel, and the Court. As addressed above, there are already serious doubts as to the ability of Defendants to litigate this matter through trial, let alone satisfy any possible award or judgment.

Accordingly, given the known (and unknown) circumstances at play, the parties believe it is in their best interests to avoid the ongoing costs of litigation by a settled resolution to this matter.

## C. The Parties Face Litigation Risks

While we have the utmost confidence in the viability of our clients' case, the possibility always exists that any number of unforeseen obstacles can, and often do, occur in a jury trial. Given the relative paucity of discovery exchanged, no party to this action can, as of yet, fully substantiate their claims or defenses through records. Defendants do not maintain complete records of compensation paid to Plaintiffs or the number of hours they worked.

Thus, based upon the course of this litigation to date and our review of the financial health (or lack thereof) of Defendants, we believe that the Settlement Agreement is both defensible and preferable in lieu of a non-collectible judgment. As

stated above, each Plaintiff has discussed the possible avenues this litigation could take, and have chosen to pursue settlement over a continued course of adversarial proceedings.

## D. The Settlement Agreement is the Result of Arm's-Length Negotiation Free from Fraud or Collusion

The proposed Settlement Agreement is fair and reasonable because Plaintiffs and Defendants were all represented by competent and experienced counsel during the litigation and settlement process. The settlement and settlement agreement were negotiated by the parties' counsel over several months. There is nothing to indicate that counsel for either side has been motivated by anything other that their clients' best interests throughout this matter.

Accordingly, and in view of the foregoing, the parties respectfully request that the Court approve the Settlement Agreement.   We thank the Court for its consideration of this joint application. Of course, should the Court require additional information or clarification, we stand ready to assist.

Respectfully submitted,

ZABELL & ASSOCIATES, P.C.

Christopher K. Collotta

encl

cc:     Clients
        Gayle A. Rosen, Esq. (*via* Electronic Mail)

5